HEYLAND et al. v. MEHLER–FULTON CO., Inc., et al.

(Supreme Court, Appellate Term, First Department.    June 14, 1915.)

FRAUDS, STATUTE OF ☞128—LANDLORD AND TENANT ☞152—DUTY TO REPAIR—PAROL AGREEMENT.

    Where, under the terms of a lease, there was doubt whether, in repairing, the cost of alterations necessary to comply with rules of the building department were chargeable to the tenant as repairs, or .to the landlord as constituting structural defects, and the landlord, in order to persuade the tenant to remedy such defects without permitting the filing of violations and subsequent litigation, agreed to pay the cost of such structural changes, such agreement was on good consideration, and did not vary the lease, but was in addition to it, and not within the statute of frauds.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 278; Dec. Dig. ☞128; Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. ☞152.]

    Guy, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Emil A. Heyland and another against the Mehler-Fulton Company and another. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Cass & Apfel, of New York City (Charles L. Apfel, of New York City, of counsel), for appellants.

Martin & Howe, of Concord, N. H. (Arthur L. Howe and William G. Johnson, both of New York City, of counsel), for respondents.

LEHMAN, J.   The plaintiffs have leased to the defendants certain premises for the term of 21 years.   The lease provided that no building should be erected or the present building altered or demolished without the consent of the landlord.   It further provided:

    That the tenant should at his own cost maintain and repair the building, "hereby releasing and discharging the parties of the first part [the plaintiffs] from any obligation whatever to repair or maintain the same."

It further provides:

    That the tenant "will comply with all statutes, ordinances, rules, and regulations of the federal, state, or city governments, and of any and all their departments and bureaus, applicable to said . premises for any cause whatever, and shall promptly comply with and execute all orders, rules, and regulations of the New York Board of Fire Underwriters for the protection of fire *at its own cost and expense,* but nothing contained herein shall be held to prevent the party of the second part from appealing to the courts from any rule, order, statute, or regulation it may deem unlawful or unjust,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*or to involve the remedying by the party of the second part of any defects of construction,* additions to, or changes in the structural design of the said building, or the reconstruction of the whole or any part of the said premises, and the parties of the first part shall remove or cause to be removed any violations against the said premises prior to the commencement of the lease."

The lease was made and dated August 1, 1913, and simultaneous with the making of the lease the landlords gave a written consent for certain alterations. The defendant testified that in November August H. Heyland, one of the plaintiffs, had a conversation in regard to a "threatened violation on account of a crack showing in the rear wall, making it dangerous," and it necessitated some additional work. In that conversation there was some discussion as to who was liable for such work, and the parties then arranged a subsequent conference. The defendant claims:

That at that conversation Mr. Heyland asked them not to allow violations to be filed, but "for us to carry out the plans that would be necessary to avoid the violation being put on the building, and he would assume that share of it; he would pay his share of it. He asked the architect if there was any other thing, that would be involved, or if he thought there would be. There was also on the western wall a crack which showed. He asked us to take care of that, if necessary, and any subsequent changes in the structural work, to take care of it just the same and he would pay for that part of it."

The defendant then, sued for rent, set up as a counterclaim this agreement to pay for structural changes. The learned trial justice, however, ruled that the parol agreement comes within the statute of frauds, and upon the plaintiff's motion struck out all testimony relating to it. This ruling destroyed the basis of the defendant's counterclaim, and the trial justice thereupon directed a verdict for the plaintiff.

The statute of frauds was not pleaded by the plaintiffs in their reply to the defendants' counterclaim, and, even if pleaded, it would not in my opinion be applicable to the parol contract. Under the written lease the tenant was expressly exempted from liability to comply with the orders of the building department which involve the remedying of any defects in construction, and an agreement to pay the violations and obeying the orders of the building department would not come within the statute upon any theory which I can perceive.

As I read the testimony, the defendant was proceeding to make certain alterations in lowering the floor, and for the cost of such alterations made for his benefit, he was clearly liable. During those alterations it appeared that there were certain structural defects in the building which would have to be remedied in order to comply with the rules of the building department. Under the terms of this written lease there is some doubt whether the cost of complying with these rules was properly chargeable to the defendant as part of the alterations, or whether the plaintiff was responsible for them, since they constituted structural defects. The defendant refused to remedy the defects until the question was litigated, and the plaintiff, in order to avoid the filing of violations and subsequent litigation, and to secure the benefit of the improvements, agreed to pay the cost of the structural change. This agreement, it seem to me, is therefore made upon

good consideration, is made subsequent to the lease, and does not vary, but is really in addition to, the lease, and is not within the statute of frauds.

The plaintiff also seeks to sustain the ruling of the trial justice on the ground that there is no evidence to show that August H. Heyland had authority to bind the other owners of the premises. No objection to the evidence was, however, taken on this ground, and, if such objection had been taken, it could probably have been obviated.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

WHITAKER, J., concurs. GUY, J., dissents.